IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER POINDEXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-327-WKW |
| | ) | [WO] |
| ROSA MICKLES, VONCILE | ) | |
| JACKSON, KELLY LEVER, | ) | |
| LOUIS HOLT, and JACKIE | ) | |
| GRAHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Defendants filed a Motion for Reconsideration and an Amended Motion for Reconsideration (Docs. # 54, 57) asking the court to reconsider its earlier order (Doc. # 53) to the extent it denied Defendants' motions for summary judgment. Defendants' motions and Plaintiff's response (Doc. # 63) are currently before the court. After careful – and much – deliberation, the motion is due to be denied.

The court's order on Defendants' motions for summary judgment sets out the relevant factual and procedural background at length. (Doc. # 53.) For the purposes of this order, it suffices to say that – construing the disputed evidence in the light most favorable to Plaintiff – there are genuine questions of material fact surrounding Plaintiff's resignation and the conversation between her and Defendants Louis Holt,

Kelly Lever, and Rosa Mickles on April 9, 2010. Those unresolved factual questions prevent the court from concluding, as a matter of law, that Plaintiff resigned voluntarily, rather than being constructively discharged. Consequently, it is as though Plaintiff were terminated without a hearing. On this basis, the court denied Defendants' motions for summary judgment with respect to Plaintiff's procedural due process claim.

Defendants, in their motion for reconsideration (Doc. # 57), ask the court to rule that Defendants did not deprive Plaintiff of her procedural due process rights – even if she was terminated without a hearing – because adequate state remedies exist to redress the deprivation. "[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994). Courts have interpreted that rule to mean that where state law provides an administrative appeals process or allows an action in state court – including extraordinary remedies such as petitions for certiorari or mandamus – a claim in federal court for deprivation of procedural due process rights is not cognizable. *E.g., Wells v. Columbus Technical Coll.*, No. 12-13272, 2013 WL 692737, at *3 (11th Cir. Feb. 27, 2013); *Donnell v. Lee Cnty. Port Auth.*, No. 12-14044, 2013 WL 563168, at *1 (11th Cir. Feb. 15, 2013); *Cotton v. Jackson*, 216 F.3d 1328, 1333 (11th Cir. 2000); *Horton v. Bd. of Cnty.*

*Comm'rs*, 202 F.3d 1297, 1300 (11th Cir. 2000); *Hicks v. Jackson*, 374 F. Supp. 2d 1084, 1092–93 (N.D. Ala. 2005). The existence of adequate state procedures prevents a federal claim regardless of whether a plaintiff takes advantage of them. *Horton*, 202 F.3d at 1300. However, none of these are constructive discharge cases, and the nature of constructive discharge undermines Defendants' argument.

Plaintiff insists her resignation was forced and therefore a constructive discharge. The issue is whether Alabama provides adequate process to correct a termination that occurs constructively, in the absence of a policy addressing the appeal of constructive terminations. Plaintiff points out that, because she resigned, there was no process available – the State Personnel Board's administrative appeals process does not contemplate an appeal of any resignation, even an involuntary one. (*See* Doc. # 63-1 (refusing to entertain Plaintiff's appeal of her resignation to the State Personnel Board).) Moreover, there was no final decision of the agency to be appealed, frustrating Alabama's statutory scheme for judicial review of agency decisions. Ala. Code § 41-22-20(a).

After *McKinney* announced the adequate state process rule, the Eleventh Circuit decided *Hargray v. City of Hallandale*, 57 F.3d 1560 (11th Cir. 1995). In *Hargray*, the Eleventh Circuit implicitly adopted the position of other circuits that an involuntary resignation brought on by duress or misrepresentation is a deprivation of

procedural due process. *Id.* at 1568 (acknowledging "two situations in which an employee's resignation will be deemed involuntary, and thus a deprivation of due process" – coercion and misrepresentation); (*see also* Doc. # 53 at 10–14 (analyzing coercion and misrepresentation theories of constructive discharge based on *Hargray* and its progeny).)  A number of courts in this circuit have applied that holding,[1] and it is clearly established law.[2]

Allowing Plaintiff's constructive discharge-based due process claim is consistent with the Supreme Court of the United States's precedent in *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 533

---

[1] *See, e.g.*, *Rademaker v. Scott*, 350 F. App'x 408, 411 (11th Cir. 2009) (remarking that an involuntary termination implicates due process); *Moorer v. City of Montgomery*, 293 F. App'x 684, 690 (11th Cir. 2008) ("If, on the other hand, the plaintiff's resignation was so involuntary that it amounted to a constructive discharge, it must be considered a deprivation by the city action triggering the protections of the due process clause." (quoting *Hargray*, 57 F.3d at 1567) (alterations omitted)); *Hughes v. Ala. Dep't of Pub. Safety*, 994 F. Supp. 1395, 1404–05 (M.D. Ala. 1998) ("The Eleventh Circuit has clearly recognized that a constructive discharge may occur when a resignation from public employment that has been requested by an employer is sufficiently involuntary to trigger the protections of the due process clause.").

[2] Defendants stake their claim to qualified immunity on the absence of a deprivation because they argue mandamus is an adequate remedy and the availability of an adequate remedy means there is no deprivation, but they offer no analysis or authority supporting their apparent presupposition that mandamus relief would be available to Plaintiff.  Defendants cite *Hicks v. Jackson County Comm'rs*, where the district court found that a county employee – terminated after what he alleged was a procedurally deficient hearing – was not deprived of due process because certiorari, not mandamus, was an adequate state procedure in Alabama.  374 F. Supp. 2d at 1092.  *Hicks* was not a constructive discharge case, and certiorari may be an adequate procedure when there is an agency decision to challenge, but it offers little relief when there is no decision.  There being no argument to the contrary, and the court being aware of no such binding authority, the constitutional violation based on *Hargray* is clearly established, and Defendants are not entitled to qualified immunity.

4

(1984).  Where the allegation is that a defendant acted pursuant to established policy or *in the absence of any policy* and the employee had a protected property interest in her employment, a procedural due process violation arising from a termination without notice and an opportunity to be heard is complete at the moment of termination.  *Hicks*, 374 F. Supp. 2d at 1091.  In such cases, a federal cause of action is available irrespective of any state post-deprivation remedies.  *Id.*

Plaintiff alleges Defendants forced her to resign by – among other things – threatening criminal prosecution.  In the apparent absence of any policy prohibiting coercive or misleading tactics meant to induce resignation and in view of the Eleventh Circuit's precedent on point, specifically *Hargray* and its progeny, this allegation of constructive discharge supports a claim for deprivation of Plaintiff's procedural due process rights for the reasons set out in the court's order on Defendants' motions for summary judgment.  (Doc. # 53.)

This result comports with *Patsy v. Board of Regents*, 457 U.S. 496, 515 (1982), which held that exhaustion of state remedies was not a prerequisite to a § 1983 claim.  *See also McKinney*, 20 F.3d at 1567 (Hatchett, J., concurring) ("I write specially to emphasize the fact that we are not holding that one who suffers a due process violation must first seek relief in state courts, or follow state administrative procedures before bringing a lawsuit in the federal courts.").  To hold otherwise would betray one of the

lessons of *Marbury v. Madison* that for every legal right there is a remedy. 5 U.S. 137, 163 (1803).

Accordingly, it is ORDERED that Defendants' Motion for Reconsideration and Amended Motion for Reconsideration (Doc. # 54, 57) are DENIED.

It is further ORDERED a pretrial conference is scheduled for **September 20, 2013,** in the Frank M Johnson, Jr. U. S. Courthouse, One Church Street, Montgomery, Alabama. This cause is set for trial during the term of court commencing on **October 21, 2013,** in Montgomery, Alabama. The Uniform Scheduling Order (Doc. # 22) otherwise remains in effect.

DONE this 14th day of June, 2013.

                                                /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE